### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

FRANKLIN C. McCUNE                                                PETITIONER

v.                                          CIVIL ACTION NO. 3:11CV-P589-S

TERESA WAID                                                       RESPONDENT

### <u>MEMORANDUM OPINION AND ORDER</u>

The petitioner, Franklin C. McCune, without the assistance of counsel, filed this action

pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus.  He also filed an application to

proceed without prepayment of fees (DN 3), which is **GRANTED**.  For the following reasons,

his § 2241 petition will be dismissed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In his petition, McCune states that his place of confinement is Louisville Metro

Department of Corrections.  He states that he is challenging his conviction in Harrison County

Circuit Court in Clarksburg, West Virginia.  McCune states that he was convicted of failure to

register as a sex offender or change registration information on August 1, 2006.  He states that he

appealed the conviction to the Harrison County Circuit Court and that the appeal was denied on

July 1, 2008.  He then appealed to the West Virginia Supreme Court of Appeals, which "refused"

his appeal on December 29, 2008.  He claims his conviction "violated the ex post facto law and

retroactivity law."

In McCune's prayer for relief, he requests the Court to "grant the relief that his U.S.

Const. rights was violated (ex post facto) when the Harrison County Circuit Court tried and

convicted him for failing to register as a sex offender in 2006 when his conviction for abduction

came in 1976, years before W. Va. enacted their registry as well as Kentucky."  He further states,

"Petitioner is indicted in Ky. for same charge, the ex post facto application to petitioner is unconstitutional."

## II. ANALYSIS

McCune's § 2241 petition states that he is challenging his West Virginia state-court conviction for failing to register as a sex offender. The proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003). McCune is currently in custody in Kentucky not under the West Virginia conviction but under new charges here in Kentucky. To the extent that McCune seeks to challenge his West Virginia conviction and meets the requirement of being in custody under that conviction, proper venue would lie in West Virginia where his custodian under the conviction is located. *Id.*

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transferring McCune's § 2241 petition would not be in the interest of justice because § 2241 is not the appropriate statutory vehicle for challenging a state-court conviction or sentence. *Lee v. Rios*, 360 F. App'x 625, 628 (6th Cir. 2010). Section 2254 is the proper vehicle for challenging a state-court conviction.[1] *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (Section 2254 affords relief to a petitioner "in custody pursuant to the judgment of a State court") (quoting 28 U.S.C. §

---

[1]McCune also filed a § 2254 petition in this Court on the same date he filed the instant petition under § 2241. *See* Civil Action No. 3:11CV-583-S. That petition appears to challenge the same West Virginia conviction.

2254(a)).  Therefore, McCune's § 2241 petition is subject to dismissal to the extent that it seeks to challenge his West Virginia conviction, and transfer of this action is not warranted.

To the extent that McCune seeks to challenge his indictment in Kentucky for failing to register as a sex offender, the petition is also subject to dismissal.  To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action.  *Id*. at 546.  "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Id.*; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982).  "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."  *Id.* at 518-19.  The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

McCune fails to demonstrate that he has exhausted all available state-court remedies with respect to his Kentucky charges.  Accordingly, there are still avenues of relief available to the petitioner in state court, which prohibit this Court from entertaining the present petition.

For the foregoing reasons, the § 2241 petition will be denied and the instant action dismissed by separate Order.

### III. CERTIFICATE OF APPEALABILITY

In the event that McCune appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet

to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id.* at 484.  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:   November 28, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

cc:      Petitioner, *pro se*
4411.010

4